FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0306

DA 19-0306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 105N

DONALD W. KALTSCHMIDT, JR.,

      Plaintiff and Appellee,

v.

LARON D. SHANNON,

      Defendant and Appellant,

LARON D. SHANNON,

      Counter-Claimant,

v.

DONALD W. KALTSCHMIDT, JR; OILFIELD WARRIORS, LLC;
and JOHN DOES 2-10,

      Counter-Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 14-742(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Laron D. Shannon, Self-represented, Lynchburg, Virginia

      For Appellees:

          Cory R. Laird, Seamus M. Molloy, Reep, Bell, Laird & Jasper, P.C.,
Missoula, Montana

Submitted on Briefs:  April 1, 2020

Decided:  April 28, 2020

Filed:

Clerk

2

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Laron D. Shannon (Shannon) appeals from the judgment entered against him upon a jury verdict that found him liable to Donald W. Kaltschmidt, Jr., (Kaltschmidt) for fraud, negligent misrepresentation, constructive fraud, and breach of fiduciary duty, in the Eleventh Judicial District Court, Flathead County. Shannon challenges evidentiary rulings by the District Court and procedural rulings that led ultimately to the completion of the trial after Shannon's departure from the courtroom.

¶3     Kaltschmidt is a former U.S. Marine and the owner of a car dealership in Whitefish. He is active in the support of veterans' causes. Initially, Shannon, dressed in Marine Corps clothing, contacted Kaltschmidt at his dealership, represented to Kaltschmidt that he was a former Marine Corps officer and active in Marine Corps-related organizations, and solicited financial support from Kaltschmidt for Toys for Tots, a charity sponsored by the Marine Corps. In subsequent visits, Shannon, again clad in Marine clothing, sought Kaltschmidt's investment in a startup business venture designed to help veterans by hiring them to clean oil rigs in the Bakken Oilfields. Shannon provided a written business plan to Kaltschmidt. Relying on Shannon's representations, including that Shannon was a

3

former Marine, Kaltschmidt invested $250,000 in the enterprise, to be named Oilfield Warriors, LLC (the Company) in exchange for a 25% share in the Company. Unfortunately, within months, Kaltschmidt's investment was largely dissipated, no revenue had been generated by the Company, employees had filed complaints against the Company, and, disconcerting to Kaltschmidt, he had received reports that Shannon was not a former Marine. After obtaining confirmation that Shannon had not served in the U.S. Marine Corps, Kaltschmidt initiated this proceeding in 2014.

¶4 During the course of the litigation, five scheduling orders were issued by the District Court. Shannon requested and received multiple continuances, often for purported medical problems he and his family were experiencing, and for substitution of the three separate attorneys who represented Shannon during the proceeding. Trial was set for November 2015, January 2016, April 2016, September 2017, April 2018, and September 2018. After the District Court cautioned Shannon that no further delays would be tolerated and trial would commence on Monday, September 10, 2018, Shannon filed a bankruptcy petition in Virginia the Friday before trial was to begin, resulting in another postponement by virtue of the statutory bankruptcy stay. Kaltschmidt then sought and obtained relief from the automatic stay in the Virginia bankruptcy court, and trial in the District Court was rescheduled for April 2019.

¶5 Shortly before trial was to begin, Shannon produced over 300 pages of documents in support of his claim that he had served in the U.S. Marine Corps. Kaltschmidt had requested production of Shannon's military records in September 2014, almost five years

4

earlier, but Shannon had theretofore failed to produce the records. Kaltschmidt moved in limine for exclusion of the documents as untimely produced, and the District Court granted the motion.

¶6     Shannon represented himself at trial. Mid-way through the first day of trial, and after cross-examining Kaltschmidt, Shannon advised the District Court that he believed he was experiencing a medical emergency, and asked for an ambulance to be called. After initial evaluation by paramedics outside the presence of the jury, Shannon requested that he be taken to the hospital for further evaluation. Although the District Court advised Shannon the trial would continue in his absence, Shannon elected to be taken to the hospital and did not return for the remaining trial proceeding.[1] The trial continued for two days, and the jury found Shannon liable to Kaltschmidt for fraud, negligent misrepresentation, constructive fraud, and breach of fiduciary duty, awarding $224,000 in compensatory damages and determining that punitive damages should be awarded. After further proceedings and deliberations, the jury returned a punitive damage award of $1.5 million.

¶7     On appeal, Shannon argues the District Court erred by excluding the documents he produced in support of his claim of military service, stating he outlined "the myriad of reasons why I was only then submitting [the] Marine & Veteran service records" shortly before trial. Although Shannon argues this is an issue of law reviewed *de novo*, "the authority to grant or deny a motion in limine 'rests in the inherent power of the district

---

[1] A court minute entry for April 30, 2019, indicates, "[t]he Court states the defendant has established a history in delaying the proceedings due to health reasons and the Court has well informed the defendant that the case will proceed with or without him."

5

court to admit or exclude evidence so as to ensure a fair trial. Where a decision on a motion in limine involves the exercise of discretion, this Court will not overturn the district court absent an abuse of discretion.'" *State v. Hudon*, 2019 MT 31, ¶ 16, 394 Mont. 226, 434 P.3d 273 (citing *Folsom v. City of Livingston*, 2016 MT 238, ¶ 11, 385 Mont. 20, 381 P.3d 539) (internal citation omitted). We conclude the District Court did not abuse its discretion in granting the motion in limine and excluding Shannon's documents.[2]

¶8      Shannon sought dismissal of the proceeding in the District Court on the ground that the District Court's February 17, 2015 Scheduling Order violated Uniform District Court Rule 10. Shannon argues that, because 21 days had not yet elapsed following issuance of notice by Kaltschmidt's counsel that Shannon must either obtain new counsel or appear in person, the Scheduling Order was invalidly entered and the case should be dismissed. The District Court denied the motion, reasoning that Shannon had received actual notice, had appeared personally at the scheduling conference and represented himself without objection, and, in any event, the issue was moot because the Scheduling Order was subsequently superseded by four amended scheduling orders. We conclude the District Court committed no error in denying Shannon's motion.

¶9      Shannon challenges the District Court's handling of the trial, including completing the trial in his absence instead of granting a continuance, as violations of the ADA and due

---

[2] Shannon's briefing also challenges the District Court's sidebar admonishments during the trial that Shannon remove his pill bottles from counsel table and that he refrain from telling the jury that he suffered from Parkinson's Disease. Shannon styles these as violations of the Americans with Disabilities Act (ADA) and cites them in his judicial bias argument, but they are trial rulings for which we conclude there was no abuse of discretion.

process. However, after review of the record, we conclude the District Court exercised considerable patience with Shannon, accommodating multiple requests for extensions of time and granting leeway in light of his pro se status. After the passage of years, and upon commencement of the long-awaited trial, there was little more the District Court could do, in light of Kaltschmidt's right to a trial, but finish the matter after providing clear notice to Shannon it would do so. We conclude there was no abuse of discretion or violation of law in doing so.

¶10 Lastly, Shannon makes an unsupported claim titled "Unbiased tribunal," arguing "[i]t is not clear if I had an unbiased tribunal as Judge Allison's words and actions can be viewed as affinity for [Kaltschmidt] and disdain for myself." However, Shannon made no objection or effort to disqualify the District Court for cause, and the unsupported, unsworn assertions made here are insufficient to do so. *See* § 3-1-805, MCA. The record indisputably demonstrates the District Court's unbiased handling of the entire matter, and Shannon's claim is rejected as frivolous.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted, and by clear application of applicable standards of review. The District Court did not abuse its discretion by entering the rulings challenged on appeal.

¶12 Affirmed.

/S/ JIM RICE

7

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR